# EXHIBIT   A



**Service of Process Transmittal**
08/29/2018
CT Log Number 533971031

| | |
|---|---|
| **TO:** | Sara Miemiec, Litigation Director ACCIDENT CLAIMS<br>SCHNEIDER NATIONAL, INC.<br>3101 South Packerland Drive<br>Green Bay, WI 54304- |
| **RE:** | **Process Served in Utah** |
| **FOR:** | SCHNEIDER NATIONAL CARRIERS, INC.  (Domestic State: NV) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MICHELLE LONGORIA, personally and on behalf of the ESTATE OF OSCAR LONGORIA, et al., Pltfs. vs. CONSTANCE MARSHALL, et al., Dfts. // To: SCHNEIDER NATIONAL CARRIERS, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Third District Court, Salt Lake County, UT<br>Case # 180906236 |
| **NATURE OF ACTION:** | Wrongful Death - Vehicle Collision - 03/26/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Midvale, UT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/29/2018 at 15:34 |
| **JURISDICTION SERVED :** | Utah |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this Summons upon you |
| **ATTORNEY(S) / SENDER(S):** | Eric S. Olson<br>EISENBERG, GILCHRIST & CUTT<br>215 South State Street, Suite 900<br>Salt Lake City, UT 84111<br>801-366-9100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/30/2018, Expected Purge Date: 09/04/2018 |
| | Image SOP |
| | Email Notification,  Allicia DeLeon  deleona1@schneider.com |
| | Email Notification,  Connie Fleigle  fleiglec@schneider.com |
| | Email Notification,  Kerry Byng  byngk@schneider.com |
| | Email Notification,  Meghan Hellmann  hellmannm@schneider.com |
| **SIGNED:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>1108 East South Union Avenue<br>Midvale, UT 84047<br>212-590-9070 |

Page 1 of  1 / PG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Eric S. Olson (11939)
**EISENBERG, GILCHRIST & CUTT**
215 South State Street, Suite 900
Salt Lake City, Utah 84111
(801) 366-9100
Email: eolson@egclegal.com
*Attorneys for Plaintiffs*

IN THE THIRD JUDICIAL DISTRICT COURT
IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MICHELLE LONGORIA, personally and on behalf of the ESTATE OF OSCAR LONGORIA; REYNALDA HERNANDEZ; NICHOLAS LONGORIA; LUKAS LONGORIA; JOSH LONGORIA; TYLER LONGORIA<br><br>Plaintiffs,<br><br>vs.<br><br>CONSTANCE MARSHALL; SWIFT TRANSPORTATION SERVICE LLC; SWIFT TRANSPORTATION CO. OF ARIZONA LLC; SWIFT TRANSPORTATION CO., OF PHOENIX LLC; SWIFT TRANSPORTATION CO., INC.; SWIFT TRANSPORTATION CO., LLC,; ANTHONY DOBSON; MERX GLOBAL; MERX GLOBAL, INC.; MERX GLOBAL LOGISTICS, INC.; VIRGIL DICKESON; BTI SPECIAL COMMODITIES, INC.; ANDRES O. JEFFERSON; RYDER TRUCK RENTAL INC.; VELOX TRANSPORT SERVICES, LLC; RICK MARKHAM; SCHNEIDER NATIONAL CARRIERS, INC.; JEFFERSON OSPINA; TIRUMALA VENKATA; and KAHKASHAN TRANSPORT INC.<br><br>Defendants. | **SUMMONS**<br><br>Case No.: 180906236<br>Judge: Keith Kelly |

THE STATE OF UTAH TO THE BELOW NAMED DEFENDANT,

**Schneider National Carriers, Inc.**
**c/o CT Corporation System, Registered Agent**
**1108 E. South Union Avenue**
**Midvale, UT 84047**

You are hereby summoned and required to file an answer in writing to the attached Complaint with the Clerk of the above-entitled Court at 450 South State Street, Salt Lake City, Utah, and to serve upon or mail to Eisenberg, Gilchrist & Cutt, Plaintiffs' attorney, 900 Parkside Tower, 215 South State Street, Salt Lake City, UT 84111, a copy of said answer within 21 days after service of this Summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court and a copy of which is hereby annexed and herewith served upon you.

DATED this 27th day of August, 2018.

                                              **EISENBERG, GILCHRIST & CUTT**

                                              /s/   Eric S. Olson
                                              Eric S. Olson
                                              Attorneys for Plaintiffs

Eric S. Olson (11939)
**EISENBERG, GILCHRIST & CUTT**
215 South State Street, Suite 900
Salt Lake City, Utah 84111
(801) 366-9100
Email: colson@egclegal.com

*Attorneys for Plaintiffs*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MICHELLE LONGORIA, personally and on behalf of the ESTATE OF OSCAR LONGORIA; REYNALDA HERNANDEZ; NICHOLAS LONGORIA; LUKAS LONGORIA; JOSH LONGORIA; TYLER LONGORIA<br><br>Plaintiffs,<br><br>vs.<br><br>CONSTANCE MARSHALL; SWIFT TRANSPORTATION SERVICE LLC; SWIFT TRANSPORTATION CO. OF ARIZONA LLC; SWIFT TRANSPORTATION CO., OF PHOENIX LLC; SWIFT TRANSPORTATION CO., INC.; SWIFT TRANSPORTATION CO., LLC,; ANTHONY DOBSON; MERX GLOBAL; MERX GLOBAL, INC.; MERX GLOBAL LOGISTICS, INC.; VIRGIL DICKESON; BTI SPECIAL COMMODITIES, INC.; ANDRES O. JEFFERSON; RYDER TRUCK RENTAL INC.; VELOX TRANSPORT SERVICES, LLC; RICK MARKHAM; SCHNEIDER NATIONAL CARRIERS, INC.; JEFFERSON OSPINA; TIRUMALA VENKATA; and KAHKASHAN TRANSPORT INC.<br><br>Defendants. | **COMPLAINT (TIER 3) AND JURY DEMAND**<br><br>Case No.:<br>Judge: |

Plaintiff, by and through counsel of record, hereby complains of Defendants and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs Michelle Longoria, Reynalda Hernandez, Nicholas Longoria, Tyler Longoria, Josh Longoria and Lukas Longoria are individuals who reside in Arkansas, Tennessee and New York. Michelle has been appointed Administratix of the Estate of Oscar Longoria.

2. Upon information and belief, Defendant Constance Marshall ("Marshall") resides in Texas. Defendants Swift Transportation Services, LLC, Swift Transportation Co. of Arizona, LLC, Swift Transportation Co., of Phoenix LLC, Swift Transportation Co., Inc. and Swift Transportation Co., LLC (collectively "Swift") reside in Arizona and Delaware. At all times pertinent, Marshall was an employee of Swift who was acting in the course and scope of employment for Swift. Swift and Marshall are referred to collectively herein as "Swift."

3. Upon information and belief, Defendant Anthony Dobson resides in Illinois. Defendants Merx Global, Merx Global, Inc. and Merx Global Logistics, Inc. (collectively "Merx") reside in Illinois. At all times pertinent, Dobson was an employee of Merx who was acting in the course and scope of his employment for Merx. Merx and Dobson are referred to collectively herein as "Merx."

4. Upon information and belief, Defendant Virgil Dickeson resides in Iowa. Defendant BTI Special Commodities, Inc. ("BTI") resides in Iowa. BTI and Dickeson are referred to collectively herein as "BTI."

5. Upon information and belief, Defendants Andres O. Jefferson or Jefferson Ospina

(collectively "Jefferson"), Ryder Truck Rental, Inc. ("Ryder") and Velox Transport Services, LLC ("Velox") reside in Florida. Jefferson, Ryder and Velox are referred to collectively herein as "Velox."

6. Upon information and belief, Defendant Rick Markham is a resident of Arizona. Defendant Schneider National Carriers, Inc. ("Schneider") resides in Wisconsin and Nevada. Markham and Schneider are referred to collectively herein as "Schneider."

7. Upon information and belief, Defendants Tirumala Venkata and Kahkashan Transport Inc. ("Kahkashan") reside in Canada. Defendants Venkata and Kahkashan are referred to collectively herein as "Kahkashan."

8. This court has jurisdiction over this action pursuant to Utah Code Ann. " 78A-5-102 and 78B-3-205.

9. Venue is proper pursuant to Utah Code Ann. 78B-3-307, in that Defendants Swift and Ryder have offices in Salt Lake County.

## GENERAL ALLEGATIONS

10. On 03/26/18, Oscar Longoria ("Decedent") and Defendants were traveling westbound on I-80 in Summit County.

11. Swift lost control of its tractor-trailer and came to rest, blocking traffic.

12. Merx stopped its tractor-trailer in the road because Swift was in the road.

13. This required Decedent to have to try and stop his tractor-trailer or swerve.

14. BTI lost control of its tractor-trailer and ran into Decedent, pushing Decedent into Merx.

15. Kahkashan, Velox and Schneider lost control of their tractor-trailers and hit

Decedent's tractor-trailer.

16. The collision caused serious injuries to and the death of Decedent.

## FIRST CAUSE OF ACTION
(Negligence)

17. Plaintiffs incorporate all preceding paragraphs herein and further allege the following:

18. Defendants owed a duty to Decedent to use reasonable care in operating the trucks they were driving.

19. Defendants breached this duty in one or more of the following respects:

   a. failing to keep a proper lookout;

   b. failing to yield;

   c. failing to maintain control of their vehicles;

   d. failing to stop;

   e. driving too fast;

   f. failing to warn;

   g. stopping in an unsafe location;

   h. failing to property maintain, service and inspect their trucks;

   i. failing to comply with motor vehicle regulations;

   j. failing to properly train their drivers;

   k. hiring, retaining and employing drivers who were unfit;

   l. entrusting their vehicle to drivers who were unfit;

   m. failing to take evasive action; and or

   n. such other acts and omissions yet to be disclosed.

20. The breaches were the direct and proximate cause of Plaintiffs' damages and

Decedent's death.

## SECOND CAUSE OF ACTION
(Vicarious Liability)

21. Plaintiffs incorporate all preceding paragraphs herein and further allege the following:

22. Defendants are vicariously liable for any negligence of their drivers and employees, respectively.

23. They are liable because they are motor carriers, leased the trucks to the drivers, and either controlled the drivers and or had a non-delegable duty with respect to the trucks.

## THIRD CAUSE OF ACTION
(Wrongful Death)

24. Plaintiffs incorporate all preceding paragraphs herein and further allege the following:

25. Defendants negligently and wrongfully caused the death of Decedent.

26. Defendants are liable for wrongful death.

## DAMAGES

27. Plaintiffs incorporates by reference all preceding paragraphs herein and further allege the following:

28. As a direct and proximate result of Defendants' wrongful acts, omissions, negligence and recklessness, Plaintiffs have and will incur past and future medical expenses in an amount to be proven at trial.

29. As a direct and proximate result of Defendants' wrongful acts, omissions,

negligence and recklessness, Plaintiffs have and will experience, physical, mental, and emotional pain and suffering, loss of enjoyment of life, loss of companionship, loss of love, loss of society and loss of household services in an amount to be proven at trial.

30. As a direct and proximate result of Defendants' wrongful acts, omissions, negligence and recklessness, Plaintiffs have and will suffer past and future lost wages, loss of inheritance, loss of financial support and a loss of earning capacity in an amount to be proven at trial.

31. As a direct and proximate result of Defendants' wrongful acts, omissions, negligence and recklessness, Decedent experienced physical, mental and emotional pain and suffering before he died.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues that may be tried to a jury.

## TIER DESIGNATION

Pursuant to Utah Rules of Civil Procedure 8(a) and 26(c)(3), this matter falls under Tier 3 and should be permitted discovery pursuant to Tier 3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand that this Court enter judgment in favor of Plaintiffs as follows:

(a) For non-economic damages in an amount to be determined at trial;

(b) For economic damages in an amount to be determined at trial;

(c) Costs, interest and attorney fees to the extent allowed by law; and

(d) For such other relief as the court deems appropriate.

DATED this 27th day of August, 2018.

EISENBERG, GILCHRIST & CUTT

/s/ Eric S. Olson
Eric S. Olson
Attorneys for Plaintiffs